**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAMIE S. DUDLEY,

           Plaintiff,

    - v -              Civ. No. 9:12-CV-429
                      (MAD/RFT)

CITY OF GLENS FALLS, WILLIAM F. HOLMES,
*Police Officer*,

           Defendants.

**APPEARANCES:**           **OF COUNSEL:**

**JAMIE S. DUDLEY**
Plaintiff, *Pro Se*
11-A-5490
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

**CARTER, CONBOY LAW FIRM**       **JAMES A. RESILA, ESQ.**
Attorney for Defendants
20 Corporate Woods Boulevard
Albany, NY 12211

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

  *Pro se* Petitioner Jamie Dudley brings this Complaint, pursuant to 42 U.S.C. § 1983, alleging that Defendants' violated his Fourth Amendment right to be free from excessive force by tasing him while he was being processed at the Glens Falls Police Station. Dkt. No. 2. Defendants move for Summary Judgment. Dkt. No. 15. For the reasons that follow, it is recommended that Defendants' Motion for Summary Judgment be **DENIED** in part and **GRANTED** in part.

## I. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [FED. R. CIV. P. 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## II. DISCUSSION

### A. Background

On May 8, 2011, the Glens Falls Police pulled over and arrested Plaintiff on a felony charge of Driving While Intoxicated ("DWI"), after he refused to take a breathalyser test. Dkt. No. 15-8, Arrest Report, undated; Compl. at p. 4.[1] Plaintiff was taken to the Glens Falls' Police Station (hereinafter "Station") where he was processed by Defendant Officer Holmes. Dkt. No. 15-1, William F. Holmes Aff., dated Sept. 5, 2012, at ¶ 3. A video, submitted by Defendants, depicts some of the events which occurred at the station on May 8; however, the video does not contain any audio. Dkt. No. 15-2, Surveillance Video (hereinafter "Video"). During the portion of the video

---

[1] The pages of Plaintiff's Complaint are not sequentially numbered, therefore when citing to this document we refer to the page numbers automatically assigned by the Court's Electronic Case Management System.

relevant to the instant case, Plaintiff is handcuffed and seated in a chair with his foot shackled to the wall. Next, Plaintiff kicks a chair into an adjacent desk, stands up, grabs the same chair and lifts it off of the ground. *Id.* Plaintiff then lets go of the chair and begins to sit back down in his own chair; however, before he is completely seated he is shot with a TASER by Defendant Holmes and falls to the floor. *Id.* In relation to this incident, Plaintiff later pled guilty to menacing in the second degree. Dkt. No. 24, Pl.'s Opps'n, at p. 2;[2] Dkt. No. 15-9, Uniform Sentence and Commitment Form (hereinafter "Sentencing Form"), dated Dec. 7, 2011.

### B. Issue Preclusion

Defendants argue that because Plaintiff pled guilty to menacing in the second degree he cannot now argue that Defendant Holmes's use of the TASER was objectively unreasonable. Defs.' Mem. of Law at pp. 4–5. We disagree.

To begin with, "[a] guilty plea does not necessarily preclude a claim that the police used excessive force in effectuating an arrest." *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 430 (S.D.N.Y. 2012) (quoting *Coleman v. City of Niagara Falls,* 2010 WL 2869529, at *2 n.4 (W.D.N.Y. July 20, 2010) & citing cases). Rather, as the Second Circuit has explained

> whether or not such a claim is precluded depends on the issues that were actually litigated and necessarily decided in the prior proceedings, and may not be determined *a priori*. A lawful arrest may be accompanied by excessive force; thus the mere fact of [a Plaintiff's]convictions for harassment and resisting arrest, is not incompatible with his claim for excessive force. The doctrine of collateral estoppel requires a detailed examination of the record in the prior state criminal case, including the pleadings, the evidence submitted and the jury instructions, in order to determine what issues were actually litigated and necessary to support a final judgment on the merits. The burden of proof with respect to whether an issue is identical to one that was raised and necessarily decided in the prior action rests squarely on the party moving for preclusion.

---

[2] Plaintiff's Memorandum in Opposition is unnumbered, therefore when citing to this document we refer to the page numbers automatically assigned by the Court's Electronic Case Management System.

*Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000) (citing *Parker v. Blauvelt Volunteer Fire Co., Inc.*, 93 N.Y.S.2d 478, 482–83 (1999)).

Here, Defendants have failed to offer any relevant court documents to establish that the plea court even contemplated the issue of whether the amount of force used by Defendant Holmes was reasonable under the circumstances. Indeed, Defendants have only produced a copy of Plaintiff's Sentencing Form, which merely denotes that Plaintiff was convicted of menacing in the second degree, but contains no discussion whatsoever of what facts or issues were considered by the plea court. *See Sullivan v. Gagnier,* 225 F.3d at 166 (finding plaintiff was not collaterally estopped from raising an excessive force claim because "none of the records from the prior criminal proceeding . . . were before the district court. . . . despite the existence of a stipulation attesting to Sullivan's convictions for harassment in the second degree and resisting arrest, it is unclear which of Sullivan's acts formed the basis for his convictions."); *see also Getlin v. Zoll*, 707 F. Supp. 2d 369, 376-77 (E.D.N.Y. 2010) (Plaintiff was not collaterally estopped from arguing a certain issue because neither "the conviction itself nor the plea allocution addresse[d that particular issue]"); *cf. Routier v. O'Hara*, 2013 WL 3777100, at *7 (E.D.N.Y. July 17, 2013) (finding that "a plaintiff in a § 1983 action like Routier is collaterally estopped from denying facts to which he admitted during a state plea allocution") (citations omitted).

Nor does it appear that a determination as to whether the amount of force used by Defendant Holmes was reasonable under the circumstances is an element of menacing in the second degree. A person is guilty of menacing in the second degree when "[h]e or she intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm[.]" N.Y. PENAL LAW § 120.14(1). Accordingly,

Defendants have failed to carry their burden of establishing that the issue of whether the amount of force used by Defendant Holmes was reasonable under the circumstances was either "actually litigated" or "necessary to support a final judgment on the merits." *See Sullivan v. Gagnier*, 225 F.3d at 166.

Therefore, Plaintiff is not collaterally estopped from litigating that issue here. *See Hardy v. Plante*, 2009 WL 249787, at * 3–4 (N.D.N.Y. Feb. 3, 2009). However, because Plaintiff pled guilty to menacing in the second degree as a result of the events of May 8, 2011, Plaintiff is precluded from arguing that he did not place or attempt to place Defendant Holmes in reasonable fear of physical injury prior to being tased. *Id.* at *4–5.

### C. Excessive Force

It is clear that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). This standard requires the amount of force used by an officer to be "objectively reasonable in light of the facts and circumstances confronting the officer." *Id.* at 397. Moreover, courts should also take into account the need for police officers to "make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving . . . without regard to their underlying intent or motivation." *Id.* at 396–97. This inquiry "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks and citations omitted). Relevant factors include, *inter alia*, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is

actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Tennessee v. Garner,* 471 U.S. 1, 8–9 (1985)).

The instant case presents a classic dispute over genuine issues of material fact. Plaintiff claims that the amount of force used by Defendant Holmes was unreasonable, while, Defendants claim that it was reasonable for Officer Holmes to tase Plaintiff because Plaintiff was menacing him. However, "[t]he fact that a person whom a police officer attempts to arrest resists, threatens, or assaults the officer no doubt justifies the officer's use of *some* degree of force, but it does not give the officer license to use force without limit." *Sullivan v. Gagnier*, 225 F.3d at 165-66.

Defendants cite to *Hardy v. Plante* for the proposition that because Plaintiff was menacing Defendant Holmes, Officer Holmes was justified as a matter of law in using his TASER. Defs.' Mem. of Law at pp. 4–5. However, we find that case to be inapposite to the case at bar. The *Hardy* Court found that the arresting officers use of a taser was objectively reasonable as a matter of law where the arresting officers had reason to believe the plaintiff had a knife, the plaintiff "physically pushed" an officer, and continued to physically struggle with the arresting officers after he was tackled and wrestled to the ground. *See Hardy v. Plante*, 2009 WL 249787 at *2 & 6. In the instant case, there was no physical contact between Defendant Holmes and Plaintiff. And, Plaintiff was handcuffed and shackled by the leg to the wall of the station. *See* Video. Thus, unlike the situation in *Hardy*, here there is no indication that Plaintiff was in possession of a deadly weapon – although he had menaced defendant Holmes with a chair -- Plaintiff was restrained and did not physically struggle with officers. Therefore, contrary to Defendants assertion, we find that a rational juror could conclude that the threat posed by Plaintiff was not sufficient enough to warrant the use of a TASER.

Nor do we agree with Defendants' contention that the video conclusively establishes that the amount of force used was reasonable under the circumstances. Defs.' Mem. of Law at pp. 3–4. To begin with, the video lacks audio, and it is unclear from the video where Defendant Holmes was standing prior to deploying his TASER. Thus, it is unclear whether Defendant Holmes verbally warned Plaintiff before tasing him, or whether Defendant Holmes was actually in danger of being hit by the chair. *See* Video. Likewise, the video does not necessarily support Defendants claim that Officer Holmes deployed the TASER "immediately" after Plaintiff picked up the chair. There appears to be an appreciable delay between the time Plaintiff put down the chair and the time he was tased. Indeed, Plaintiff had already put the chair down and was attempting to sit back down in his chair when he was tased. *See* Video. A rational juror watching the video could reasonably conclude that at the time he was tased Plaintiff no longer posed a significant risk of harm to Defendant Holmes. Thus, any conclusion regarding the reasonableness of Officer Holmes's decision to use the TASER is a question of fact that must be left to a trier of fact. *See Scott v. Coughlin*, 344 F.3d at 289.

Accordingly, we recommend that Defendants' Motion be **DENIED** as to Plaintiff's excessive force claim against Defendant Holmes.

### D. Qualified Immunity

Defendants also claim that Defendant Holmes is entitled to qualified immunity. Defs.' Mem. of Law at pp. 5–6. We disagree.

The doctrine of qualified immunity shields public officials from suit for conduct undertaken in the course of their duties if it "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982);

*Eng v. Coughlin*, 858 F.2d 889, 895 (2d Cir. 1988). A party is entitled to summary judgment on qualified immunity grounds if the court finds that the rights asserted by the plaintiff were not clearly established, or that "no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiff[], could conclude that it was objectively unreasonable for the defendant to believe that he was acting in a fashion that did not clearly violate an established federally protected right." *Lee v. Sandberg*, 136 F.3d 94, 102 (2d Cir. 1997) (citations omitted).

In the context of police officers, a court should find that an officer has acted in an objectively unreasonable manner "when no officer of reasonable competence could have made the same choice in similar circumstances." *Id.* (citing *Lennon v. Miller*, 66 F.3d 416, 420-21 (2d Cir. 1995)). It follows then that if a rational jury would find "that reasonable officers would disagree about the legality of the defendant's conduct under the circumstances," then that officer is entitled to summary judgment on the basis of qualified immunity. *Id.* (citations omitted).

However, because we have found that a genuine issue of material fact exists as to what the precise circumstances surrounding Defendant Holmes's use of the TASER, it would be premature for us to reach any conclusion as to whether reasonable officers could disagree about the reasonableness of such force.

Therefore, we recommend that Defendants' Motion for Summary Judgment be **DENIED** on this ground. However, we further note that nothing in this recommendation should prevent Defendants from re-raising this defense after any issues of fact have been properly resolved by a trier of fact.

### E. Municipal Liability

A claim against a municipality cannot be solely based on *respondeat superior*. *Walker v. City of New York,* 974 F.2d 293, 296 (2d Cir. 1992). It must allege that the constitutional violation was caused by a custom or policy of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There will be liability when a particular custom or practice was "so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice" *Id.* However, "proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (italicization added). Additionally, " failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." *Canton v. Harris*, 489 U.S. 378, 390 (1989).

To succeed on a claim based on inadequate training, a plaintiff must demonstrate that the failure to train amounted to deliberate indifference to Plaintiff's constitutional rights. *Id.* at 379. Plaintiff must show "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390 (footnotes omitted). "The focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id.* at 390–91.

Construed liberally, Plaintiff claims that Defendant Holmes's alleged use of excessive force on May 8, 2011 may be sufficient evidence that the City of Glens Falls maintained a custom or policy of inadequately training its employees on the proper use of a TASER. *See* Compl. at pp. 4–5 & 7. However, even if a jury were to determine that Defendant did use excessive force in the instant case, proof of a single incident is insufficient as a matter of law to impose liability under *Monell*. See *City of Oklahoma City v. Tuttle*, 471 U.S. at 823–24.

Moreover, the City has produced a copy of its written policy regarding the use of TASERs by its law enforcement officers. Dkt. No. 15-5, William F. Valenza Aff., Ex. B, Glens Falls Police Dep't. Policies and Procedure. ("GF Policy") at p. 2; *See also* Dkt. No. 15-11, Defs.' Mem. Of Law. Evidence that Officer Holmes was certified in the proper use of the TASER and his belief that the Plaintiff displayed the intent to engage in aggressive physical resistance, the policy would justify the use of the TASER. *See* GF Policy at p. 2-3. Contrariwise, Plaintiff has failed to show that the existing training policy was deficient, or that the need for more or different training was so obvious or that use of excessive force was so likely to occur under the existing policy that Defendants could fairly be accused of acting with deliberate indifference by not changing the policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. at 694; *Canton v. Harris*, 489 U.S. at 379.

Therefore, we recommend that Defendants' Motion be **GRANTED** as to Plaintiff's *Monell* claim.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion (Dkt. No. 15) be **GRANTED** in part and **DENIED** in part as follows:

1. **GRANTED** as to the Plaintiff's Municipal Liability Claim against Defendant City of Glens Falls;
2. **DENIED** as to Plaintiff's excessive force claim against Defendant Holmes;
3. **DENIED** as to qualified immunity; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: September 6, 2013
Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge