**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAMIE S. DUDLEY,**

                                  **Plaintiff,**

    **vs.**                                                        **9:12-cv-00429
(MAD/RFT)**

**POLICE OFFICER WILLIAM F. HOLMES,**

                                  **Defendant.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**BAILEY, KELLEHER & JOHNSON, P.C.**      **RYAN P. BAILEY, ESQ.**
Pine West Plaza 5
Suite 507
Washington Avenue Extension
Albany, New York 12205
Attorneys for Plaintiff

**CARTER, CONBOY LAW FIRM**           **JAMES A. RESILA, ESQ.**
20 Corporate Woods Boulevard
Albany, New York 12211
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his Fourth Amendment right to be free from excessive force by tasing him while he was being processed at the Glens Falls Police Station. *See* Dkt. No. 2. On November 13, 2012, Defendants moved for summary judgment. *See* Dkt. No. 15. In a September 6, 2013 Report-Recommendation and Order, Magistrate Judge Treece recommended that the Court (1) grant the motion as to Plaintiff's municipal liability claim against Defendant City of Glens Falls; (2) deny the motion as to Plaintiff's excessive force claim against Defendant Holmes; and (3) deny the

motion as to Defendant Holmes' qualified immunity defense. *See* Dkt. No. 46 at 12. On September 23, 2013, the Court adopted the Report-Recommendation and Order.

Currently before the Court is Plaintiff's motion *in limine* seeking to preclude Defendant from (1) introducing evidence of his misdemeanor conviction for Menacing in the Second Degree and (2) referencing Plaintiff's prior misdemeanor and felony convictions. *See* Dkt. Nos. 75 at 83.

## II. BACKGROUND

On May 8, 2011, the Glens Falls Police pulled over and arrested Plaintiff on a felony charge of driving while intoxicated. Plaintiff was taken to the Glens Falls Police Station where he was processed by Defendant Holmes in the Station's booking room. In the booking room, Plaintiff was handcuffed, shackled to the wall, and seated in a chair.

While seated in the chair, Plaintiff became agitated. During a conversation with Defendant, Plaintiff kicked a chair, stood up, grabbed the chair he had just kicked, and took an "aggressive posture" towards Defendant. *See* Dkt. No. 75 at 3. Defendant unsheathed his electronic control device ("ECD") and pointed it at Plaintiff. While Plaintiff appeared to be lowering the chair and sitting back down, Defendant deployed the ECD device, causing Plaintiff to fall to the floor. Plaintiff was then subdued by Defendant and other officers.

In response to this conduct, Plaintiff was charged with and eventually pled guilty to the charge of Menacing in the Second Degree.

## III. DISCUSSION

**A.    Standard of review**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on

the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-cv-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**B.     Plaintiff's conviction for menacing in the second degree**

Plaintiff contends that Rules 609(a)(1)(A) and 403 preclude Defendant from impeaching him through evidence of his conviction for Menacing in the Second Degree, a Class A misdemeanor. *See* Dkt. No. 75 at 3-4. Defendant, however, contends that "Plaintiff's guilty plea conclusively establishes that he was aware of the elements of Menacing [in] the Second Degree as applied to the acts that led to his conviction. Even if the conviction were inadmissible under Fed. R. Evid. 609(a)(1)(1), the guilty plea would still be admissible as proof of the commission of the underlying acts towards Officer Holmes." Dkt. No. 81 at 3.

Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides as follows:

> (1) evidence that a witness other than an accused has been
> convicted of a crime shall be admitted, subject to Rule 403, if the

3

crime was punishable by death or imprisonment in excess of one
year under the law under which the witness was convicted, and
evidence that an accused has been convicted of such a crime shall
be admitted if the court determines that the probative value of
admitting this evidence outweighs its prejudicial effect to the
accused; and (2) evidence that any witness has been convicted of a
crime shall be admitted if it involved dishonesty or false statement,
regardless of the punishment, if it can be readily determined that
establishing the elements of the crime required proof or admission
of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a).

According to the Advisory Committee notes to Rule 609,

the provision was amended to permit attack upon the credibility of a
witness by prior conviction only if the prior crime involved
dishonesty or false statement. While recognizing that the prevailing
doctrine in the federal courts and in most States allows a witness to
be impeached by evidence of prior felony convictions without
restriction as to type, the Committee was of the view that, because
of the danger of unfair prejudice in such practice and the deterrent
effect upon an accused who might wish to testify, and even upon a
witness who was not the accused, cross-examination by evidence of
prior conviction should be limited to those kinds of convictions
bearing directly on credibility, *i.e.*, crimes involving dishonesty or
false statement.

Since Plaintiff's misdemeanor conviction for Menacing in the Second Degree[1] was not

punishable by death or imprisonment in excess of one year, and because it is not a crime that

involves dishonesty or false statement, the conviction is inadmissible pursuant to Rule 609(a) of

the Federal Rules of Evidence. *See Daniels v. Loizzo*, 986 F. Supp. 245, 249 (S.D.N.Y. 1997)

(citations omitted).

Although not admissible under Rule 609, the Court agrees with Defendant that the

---

[1] A person is guilty of menacing in the second degree when "[h]e or she intentionally
places or attempts to place another person in reasonable fear of physical injury, serious physical
injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a
pistol, revolver, rifle, shotgun, machine gun or other firearm[.]" N.Y. Penal Law § 120-14(1).

4

evidence may be admissible under Rule 801(d)(2). Rule 801(d)(2) provides that an opposing parties statement is not hearsay if it is offered against the opposing party and "was made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). "'Generally, when a guilty plea to a criminal charge is admitted in a subsequent civil action, it is under the auspices of an admission by a party-opponent.'" *Federal Ins. Co. v. Edenbaum*, No. 12-cv-410, 2012 WL 2803739, *2 (D. Md. July 9, 2012) (quotation omitted); *see also Carlsen v. Javurek*, 526 F.2d 202, 211 (8th Cir. 1975) (holding that the admission of a guilty plea to an assault charge may be admissible as an admission of a party to the lawsuit under Rule 801(d)(2)); *United States v. Gotti*, 641 F. Supp. 283, 290 (E.D.N.Y. 1986). While 801(d)(2) excludes the guilty plea from the definition of hearsay, it is still subject to Rule 403. *See Hancock v. Dodson*, 958 F.2d 1367, 1371 (6th Cir. 1992) (citing *United States v. Gotti*, 641 F. Supp. 283, 290 (E.D.N.Y. 1986)) (other citations omitted).

Although the Court may eventually determine that Plaintiff's guilty plea is admissible, the Court finds it inappropriate to make such a determination at this time. *See Hinshaw v. Keith*, 645 F. Supp. 180, 184 (D. Me. 1986). Whether the guilty plea should be admitted in the circumstances of this case may depend upon a balancing of the considerations contemplated by Rule 403 of the Federal Rules of Evidence, which task is better left to trial. *See id.*

**C.     Plaintiff's other convictions**

Defendant served Plaintiff with a notice of intent to read portions of Plaintiff's deposition testimony. Plaintiff objects to the following excerpts from the transcript at the time of trial:

> Q:     And the letter states you have amassed 8 felony, 13 misdemeanor convictions. Do you agree with that statement?

5

        A:    Yes.

Dkt. No. 83 at 1.

Since the Court has not been provided with the date of the crimes or their nature, it is unable to determine whether they are admissible. Accordingly, the Court reserves on this issue.

### III. CONCLUSION

After carefully considering the parties submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** Plaintiff's motion *in limine* is **GRANTED in part**;[2] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 19, 2014
      Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge

---

[2] Plaintiff's motion is only granted insofar as the Court has determined that Plaintiff's conviction for Menacing in the Second Degree is not admissible pursuant to Rule 609 of the Federal Rules of Evidence. The Court has reserved judgement as to its admissibility pursuant to Rule 801(d), and the Court further reserved judgment as to the admissibility of Plaintiff's prior felony and misdemeanor convictions.

6