**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAMIE S. DUDLEY,**

        **Plaintiff,**

 vs.               9:12-CV-00429
                     (MAD/RFT)

**CITY OF GLENS FALLS; POLICE OFFICER**
**WILLIAM F. HOLMES,**

        **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**JAMIE S. DUDLEY**
11-A-5490
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953
Plaintiff *pro se*

**CARTER, CONBOY LAW FIRM**    **JAMES A. RESILA, ESQ.**
20 Corporate Woods Boulevard
Albany, New York 12211
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, an inmate currently in the custody of the of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Holmes violated his Fourth Amendment right to be free from excessive force by tasing him while he was being processed at the Glens Falls Police Station. *See* Dkt. No. 49 at 1. Following a jury trial at which Plaintiff was represented by

counsel, the Court entered judgment for the Defendants on the jury's verdict finding that Defendant Holmes did not use excessive force, as was alleged by Plaintiff. *See* Dkt. No. 92. Presently before the Court is Plaintiff's motion for a directed verdict pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, or in the alternative, that a new trial be granted pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 95 at ¶¶ 2, 3. Defendants oppose this motion. *See* Dkt. No. 96. For the reasons that follow, Plaintiff's motion is denied.

## II. BACKGROUND

Familiarity with the facts of this case is assumed based on this Court's previous Memorandum-Decision and Order. *See Dudley v. City of Glens Falls, et. al.*, No. 9:12-CV-00429, Dkt. No. 49 (N.D.N.Y. Sept. 23, 2013). However, the Court notes in this case that the main issue for the jury was to decide whether Plaintiff being tased by Defendant Holmes after he presented no further threat, which was depicted in a video that the jury saw multiple times, constituted excessive force. The trial in this action commenced on June 23, 2014 and was two days in length. At both the conclusion of Plaintiff's case-in-chief and at the conclusion of Defendants' case-in-chief, Plaintiff moved for a directed verdict, which was twice denied by the Court. *See* Dkt. Nos. 87, 89.

After the trial, the jury found that Plaintiff had not proven by a fair preponderance of the evidence that Defendants had subjected to him to excessive force while Plaintiff was being processed at the Glens Falls Police Department. *See* Dkt. No. 92 at 1. After the jury returned a verdict in Defendants' favor, Plaintiff made a motion to set aside the verdict and enter a directed verdict, which was denied. *See* Dkt. No. 89.

## III. DISCUSSION

**A.     Rule 50(b) Motion for Judgment as a Matter of Law**

*1. Standard of Review*

The standard governing a Rule 50 motion for judgment as a matter of law is well settled:

> Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor. In deciding such a motion, the court must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence.

*Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998) (internal citations omitted).

Consequently, a court should not enter judgment as a matter of law unless: "'(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it].'" *Cruz v. Local Union No. 3*, 34 F.3d 1148, 1154 (2d Cir. 1994) (quoting *Bauer v. Raymark Indus., Inc.*, 849 F.2d 790, 792 (2d Cir. 1988)) (other citations omitted).

On a post-trial motion for judgment as a matter of law, the moving party must fulfill the procedural prerequisite of moving for judgment as a matter of law before the case was submitted to the jury. *See* Fed. R. Civ. P. 50(a)(2); *Slade v. Whiteco. Corp.*, 811 F. Supp. 71, 73 (N.D.N.Y. 1993). A party may only make a post-judgment Rule 50 motion based on grounds specifically raised at the close of evidence. *See Lambert v. Genesee Hosp.*, 10 F.3d 46, 53–54 (2d Cir. 1993). If the movant does not meet the Rule 50 specificity requirement, the Court may not grant

judgment as a matter of law unless the result is "required to prevent manifest injustice." *Kuper v. Empire Blue Cross & Blue Shield*, No. 99 Civ. 1190, 2003 WL 359462, *4 (S.D.N.Y. Feb. 18, 2003) (citing *Russo v. State of New York*, 672 F.2d 1014, 1022 (2d Cir. 1982)).

### *2. Application*

In the present matter, Plaintiff moves for judgment as a matter of law on the basis that "there is indisputable evidence that plaintiff was subjected to excessive force, that plaintiff suffered injuries as a direct result of the excessive force, and for those reasons, the jury's verdict should be overturned in its entirety." *See* Dkt. No. 95 at 3. In support of the motion, Plaintiff only reiterates those facts that were presented at and established by the parties' at trial and fails to include any new evidence. *See id.* at 3–5. Plaintiff references testimony that was given by Defendant Holmes at trial relating to his recollection of when he actually aimed the ECD at Plaintiff's chest and then subsequently discharged the metal probes in order to administer the electrical charges to Plaintiff. *See id.* at 4. However, Plaintiff's use of this testimony in its motion fails to establish how the jury, while considering this testimony, reached a verdict that was clearly egregious. Plaintiff's arguments would require the Court to ignore the jury's credibility determinations regarding this testimony, which is inappropriate in a Rule 50 motion. Although Plaintiff initially cites to case law in order to lay out the standard of review that should be applied by the Court in determining whether Plaintiff is entitled to judgment as a matter of law, Plaintiff fails to provide any basis that would warrant the Court granting Plaintiff's motion pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. *See id.*

Based on the foregoing, Plaintiff's motion for judgment as a matter of law as against Defendants is denied.

**B.     Rule 59(a) Motion for a New Trial**

*1. Standard of Review*

Rule 59 of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted . . . for any of the reasons for which new trials have heretofore been granted in actions at law in courts of the United States." Fed. R. Civ. P. 59(a)(1).  The Second Circuit has interpreted this standard to permit the granting of new trials when "in the opinion of the district court, the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice." *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998) (quotation marks and citations omitted).  "A new trial may be granted, therefore, when the jury's verdict is against the weight of the evidence." *Id.*

Under Rule 59(a), "[u]nlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict." *Id.*  In considering a motion for a new trial, the court is free to weigh the evidence independently and "'need not view it in the light most favorable to the verdict winner.'" *Manley v. Ambase Corp.*, 337 F.3d 237, 244–45 (2d Cir. 2003) (quotation omitted).  The standard for granting such a motion is high and rulings on motions under Rule 59(a) "are committed to the sound discretion of the district court." *Severino v. Am. Airlines*, No. 07-CV-941, 2009 WL 1810014, *2 (S.D.N.Y. June 24, 2009) (quoting, *inter alia*, *Sequa Corp. v. BGJ Corp.*, 156 F.3d 136, 143 (2d Cir. 1998)).  "While a jury's credibility assessments are entitled to deference, these principles of deference to the jury do not override the trial judge's duty to see that there is no miscarriage of justice." *Livingston v. Escrow*, No. 09-CV-6576-FPG, 2014 WL 1466469, *2 (W.D.N.Y. Apr. 15, 2014) (citations omitted).  "The Second Circuit has instructed district courts to 'abstain from interfering with [a jury] verdict unless it is quite clear that the jury has reached a seriously erroneous result' that would result in 'a

5

miscarriage of justice.'" *Fioto v. Manhattan Woods Golf Enter., LLC.*, 304 F. Supp. 2d 541, 545–46 (S.D.N.Y. 2004) (citing *Bevevino v. Saydjuari*, 574 F.2d 676, 684 (2d Cir. 1978)).  "'Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite of the apple.'" *Carlson v. Parry*, No. 06-CV-6621P, 2013 WL 5354517, *16 (W.D.N.Y. Sept. 24, 2013) (quoting *Kogut v. Cnty. of Nassau*, 2013 WL 3820826, *2 (E.D.N.Y. July 22, 2013)).

### *2. Application*

In the event that the Court denies Plaintiff's Motion to set aside the verdict pursuant to Rule 50 of the Federal Rules of Civil Procedure, Plaintiff argues that he is entitled to a new trial because: (1) the jury's verdict is a miscarriage of justice; (2) the jury's verdict is egregious; and (3) the verdict is against the overwhelming weight of the evidence.  *See* Dkt. No. 95 at ¶ 5. Specifically, Plaintiff argues that the conduct of Defendant Holmes was "objectively unreasonable" and that, as a result, Plaintiff now suffers from "severe and permanent injuries." *See id.*

Affording the jury the deference to which it is entitled, the Court finds that the verdict was not against the weight of the evidence.  Again, it is clear Plaintiff seeks to relitigate the same issues he raised at trial, in reliance upon the same documentation which the jury reviewed and considered in reaching its adverse verdict, as there is no new evidence presented within Plaintiff's motion.  *See id.*  Clearly, Plaintiff disagrees with the outcome of the trial and steadfastly believes his claims to be meritorious.  However, these concerns are insufficient as grounds for granting a new trial pursuant to Rule 59.  "Where the jury resolved conflicting versions of events in favor of one party, a new trial is appropriate only where one 'conflicting account is so inherently

implausible as to tax credulity, or there is independent evidence in the trial record' such that finding for one party, instead of another, would 'lead to a miscarriage of justice.'" *Finn-Verburg v. New York State Dept. of Labor*, 165 F. Supp. 2d 223, 228 (N.D.N.Y. 2001) (quoting *Ricciuti v. New York City Transit Auth.*, 70 F. Supp. 2d 300, 308 (S.D.N.Y. 1999)).

In this case, the jury was required to weigh the credibility of the parties' conflicting versions of what transpired. The Second Circuit has repeatedly held that "[w]here the resolution of the issues depended on assignment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial." *Metromedia Co. v. Fugazy*, 983 F.2d 350, 363 (2d Cir. 1991), *abrogated on other grounds as noted in Yung v. Lee*, 432 F.3d 142, 147 (2d Cir. 2005); *see also, e.g.*, *Zhiwen Chen v. Cnty. of Suffolk*, 927 F. Supp. 2d 58, 67 (E.D.N.Y. 2013) (holding that "it would be improper to grant a new trial under these circumstances as the issue of the force exercised by defendants was dependant on the assessment of the credibility of the witnesses") (citations omitted). The Court sees no reason to disturb the jury's credibility assessments, or to alter their ultimate determination that Defendants did not subject Plaintiff to excessive force while he was being processed at the Glens Falls Police Department. As such, the Court cannot say that the jury reached a seriously erroneous result or that the verdict was a miscarriage of justice.

Accordingly, Plaintiff's motion for a new trial is denied.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above stated reason, the court hereby

**ORDERS** that Plaintiff's motion for a directed verdict pursuant to Rule 50(b) of the Federal Rules of Civil Procedure (Dkt. No. 95) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure (Dkt. No. 95) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 21, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge